UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMETRIS GRANT,

        Petitioner,

v.                                                       Case No. 18-cv-1709-pp

RICHARD SCHMIDT,

        Respondent.

---

**ORDER OVERRULING PETITIONER'S OBJECTION (DKT. NO. 6), ADOPTING MAGISTRATE JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 5) AND DISMISSING PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

---

**I.    BACKGROUND**

On October 26, 2018, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. The petition alleges that (1) officers used suggestive procedures to have the victim identify the defendant; (2) the judge or court commissioner did not sign the probable cause determination forms; (3) the petitioner's bail is excessive; and (4) he has not received adequate representation from his lawyer. Dkt. No. 1 at 6-7.

On October 31, 2018, Magistrate Judge William E. Duffin issued an order allowing the petitioner to proceed without prepayment of the filing fee, but recommending that this court dismiss the petition because the petitioner failed to exhaust his state court remedies. Dkt. No. 4. Judge Duffin found that while 28 U.S.C. §2241(c)(3) does not explicitly require exhaustion (as 28 U.S.C.

1

§2254 does), federal courts commonly apply the exhaustion doctrine to petitions under 28 U.S.C. §2241. Id. at 2 (citing Blanck v. Waukesha Cty., 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979)). He further noted that the exhaustion doctrine required the petitioner to use all available state procedures to pursue his claims before seeking federal *habeas* relief and that a petitioner would be found to have exhausted his remedies before trial only in "special circumstances." Id. (quoting Blanck, 48 F. Supp. 2d at 860). Judge Duffin observed that his review of the circuit court dockets for the petitioner's pending cases showed that the petitioner had not "sought relief in any Wisconsin appellate court for the issues he now raises, much less that he has exhausted his remedies in state court." Id. at 3.

Sixteen days later, the petitioner filed an objection to Judge Duffin's report and recommendation. Dkt. No. 6. The petitioner argued that he had exhausted his state remedies, "[i]f a print out of CCAP is shown that motions & letters were sent to court with regards to this." Id. He further contended that he shouldn't be subject to the exhaustion requirement because he is trying to exhaust his state court remedies, but his lawyer will not bring the motions for him. Id.

## II. ANALYSIS

The court reviews objections to a magistrate judge's report and recommendation *de novo*. 28 U.S.C. §636(b)(1). The petitioner has challenged Judge Duffin's determination that he must exhaust his state remedies, and has

2

argued that even if Judge Duffin is right that he has to exhaust his state remedies, his lawyer's representation excuses the exhaustion requirement. Dkt. No. 6.

The petitioner alleges that he is being held in violation of the laws of the United States in state court cases "18CF5557" and "18CF3925." Dkt. No. 1 at 2. A check of the Wisconsin Circuit Court Access program shows that the petitioner has three open cases: 2017CF003925, 2017CF005217, and 2017CF005557. http://wcca.wicourts.gov (last visited February 26, 2019). All three cases are scheduled for trial in Milwaukee County Circuit Court on April 29, 2019. Id.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is [28 U.S.C.] §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). As Judge Duffin noted, the statute itself does not contain an exhaustion requirement like §2254, its post-trial counterpart. Dkt. No. 5 at 2; see also 28 U.S.C. §2241(c)(3). As early as 1979, however, courts in the Seventh Circuit have found that the exhaustion doctrine applies to pre-trial *habeas* petitions. Neville, 611 F.2d at 675 (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489-92 (1973); see also U.S. *ex rel.* Parish v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979)). Citing interests of "comity"—in other words, harmony or collaboration—between state courts and federal courts, the Seventh Circuit has "emphasize[d] the imprudence of using habeas corpus in the absence of extraordinary circumstances to wrest from the state courts the primary responsibility of remedying constitutional violations committed by

3

state law enforcement officials." Id. F.2d at 329. The law that binds this court, then, is that the exhaustion of state remedies requirement "applies to pre-trial, as well as post-trial, habeas corpus petitions." Id.; see also Blanck, 48 F. Supp. 2d at 860.

"The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck, 48 F. Supp. 2d at 860. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." Id. Only in "special circumstances" will a court find that a petitioner has exhausted his state remedies prior to trial. Elrod, 589 F.2d at 329. Courts have found "special circumstances" only where the petitioner faces a double jeopardy issue or alleges a speedy trial violation. Fullivore v. Glass, No. 4:16-CV-2143-PLC, 2017 WL 633851, at *2 (E.D. Mo. Feb. 16, 2017) (citing Blanck, 48 F. Supp. 2d at 860; Braden, 410 U.S. at 488).

The petitioner argues that he exhausted his state court remedies, because he filed motions and letters in the state court regarding the issues he raises in the federal petition. Dkt. No. 6 at 1. In order to exhaust a state court remedy, however, a petitioner must raise his claims "through one full round of state court review . . . ." Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014) (quoting Gray v. Hardy, 598 F.3d 324, 330 (7th Cir. 2010)). It is not enough to file a motion before the trial court. To exhaust his remedies, the petitioner must allow the trial court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on his claims.

4

The petitioner also argues that he is trying to exhaust his remedies, but that his lawyer is not adequately representing him. Dkt. No. 6. The fact that the petitioner is not happy with the representation his state lawyer is giving him does not constitute a "special circumstance." A person who is not satisfied with his lawyer's work on his behalf should address those concerns with the lawyer. The Wisconsin Circuit Court Access program shows that on October 25, 2018—the day before the petitioner filed his federal *habeas* case, the trial court allowed Attorney Givens to withdraw as the petitioner's lawyer. <u>Wisconsin v. Grant</u>, Case No. 2017CF003925 (Milwaukee County Circuit Court), https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF003925&countyNo=40&index=0&mode=details (last visited Feb. 20, 2019). On November 14, 2018, the State Public Defender appointed the petitioner a new lawyer. That was the day before the court received the petitioner's objection to Judge Duffin's report. Hopefully the petitioner is more comfortable with his new counsel.

One way or the other, the petitioner still has remedies in the state court. He can ask his new attorney to file a motion in state court and (assuming that doing so does not violate the attorney's ethical responsibilities) the attorney can bring the motion to the state court's attention. If the trial court rules against him, he can bring his claims to the Wisconsin Court of Appeals. If the appellate court rules against him, he can raise a petition for certiorari in the Wisconsin Supreme Court.

Because these remedies remain available to the petitioner, he has not exhausted them in state court, and there are no "extraordinary circumstances" that excuse that failure to exhaust. The petitioner may come to federal court only after he has exhausted his state remedies.

## III. CONCLUSION

The court **OVERRULES** the petitioner's objection. Dkt. No. 6.

The court **ADOPTS** Judge Duffin's report and recommendation. Dkt. No. 5.

The court **ORDERS** that the petitioner's §2241 petition is **DISIMISSED** for failing to exhaust his state remedies.

Dated in Milwaukee, Wisconsin this 26th day of February, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**